HELENE N. WHITE,
concurring.
I concur in the affirmance but write separately because my understanding of the issue on appeal differs somewhat from the majority. The prior panel determined, based largely on the arguments made and forfeited below, that Saylors’ “entry into the backyard ... violated Fugate’s Fourth Amendment rights,” and remanded the case solely to determine whether “the Leon good-faith exception applies when officers act pursuant to a search warrant that is based on an illegal predicate search.” United States v. Fugate, 499 Fed.Appx. 514, 518 (6th Cir.2012). In remanding, the panel invited the district court to evaluate the case using United States v. McClain, 444 F.3d 556 (6th Cir. 2005), as a yardstick.
In McClain, relying on Leon, we stated that “ ‘evidence seized pursuant to a warrant, even if in fact obtained in violation of the Fourth Amendment, is not subject to the exclusionary rule if an objectively reasonable officer could have believed the seizure valid.’ ” 444 F.3d at 566 (quoting United States v. White, 890 F.2d 1413, 1419 (8th Cir.1989)). In that case, because the officers who executed the search warrant were objectively reasonable in relying on the warrant, we concluded that the exclusionary rule did not apply: “the officers who sought and executed the search warrants acted with good faith, and [ ] the facts surrounding the initial warrantless search were close enough to the line of validity to make the executing officers’ belief in the validity of the search warrants objectively reasonable.” Id.
The facts presented in Fugate’s case are sufficiently analogous to McClain to support the district court’s application of the Leon good-faith exception. As in McClain, the warrant relied on by the officers conducting the search was based on an unconstitutional entry onto the defendant’s property. But, also as in McClain, the officer who entered the property in violation of defendant’s constitutional rights did not obtain or execute the search warrant. See id. And, similar to McClain, the unconstitutional search was, for many of the reasons discussed by the majority, “close enough to the line of validity,” see Daws, 711 F.3d at 728; see also Bing ex rel. Bing v. City of Whitehall, Oh., 456 F.3d 555 (6th Cir.2006), to make the later reliance on the validity of the warrant by the executing officers not unreasonable. I thus join in the affirmance.